IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**OLLIE LEE EVANS**

**VS.**                                                            **CIVIL ACTION NO. 2:10cv39-KS-MTP**

**STATE OF MISSISSIPPI**

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE, ETC.

This cause is before the Court on Petition of Ollie Lee Evans filed pursuant to 28 U.S.C. § 2254 [1], Motion to Dismiss for Failure to Exhaust [17] filed by Respondents, Motion for Miscellaneous Relief [20] filed by Petitioner, Report and Recommendation filed by Magistrate Judge Michael T. Parker [35], Objection thereto filed by Ollie Lee Evans [41] and the Court after considering all of the above does hereby find as follows:

### 1. PROCEDURAL HISTORY

*Pro se* petitioner Ollie Lee Evans pled guilty to the crime of Failure to Re-Register as Sex Offender as a Habitual Offender in the Circuit Court of Forrest County, Mississippi, and on September 5, 2007, he was sentenced to a term of five (5) years without the possibility of parole. *See* Ex. A to Motion to Dismiss [17]. Based on the record before the court, Petitioner did not file a direct appeal.[1]

---

[1] Direct appeals are prohibited when a defendant enters a guilty plea pursuant to Miss. Code Ann. § 99-35-101. "Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty." Miss. Code Ann. § 99-35-101. However, the Mississippi Supreme Court has carved out an exception, allowing a defendant to appeal an illegal sentence, as opposed to a guilty plea. *See Trotter v. State*, 554 So.

On February 15, 2008, Petitioner filed an "Original Motion and a Notice for Hearing to Grant Evidentiary Hearing for Habitual Statut [*sic*] Application" in the Forrest County Circuit Court.[2] *See* Ex. B to Motion to Dismiss [17]. The Forrest County Circuit Court entered an order, bearing Cause No. CI08-0027, denying the motion on August 19, 2008. *See* Ex. C to Motion to Dismiss [17].

On July 29, 2008, Petitioner filed a "Motion for Reconsideration of Sentence," bearing Cause No. 06-578-CR12 (the cause number for his September 5, 2007 conviction), in the Circuit Court of Forrest County.[3] *See* Ex. J to Motion [17]. Based on the record before the court, the trial court has not ruled on this motion.[4]

On April 2, 2009, Petitioner filed a "Motion for Permission to Proceed Out of Time" in the Forrest County Circuit Court, Cause No. CI08-0027, challenging his September 5, 2007, conviction and sentence for failure to re-register as a sex offender. *See* Ex. D to Motion to Dismiss [17]. The trial court denied the motion on April 30, 2009. *See* Ex. E to Motion to Dismiss [17]. On May 21, 2009, Petitioner filed a notice of appeal in the Mississippi Supreme

---

2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977).

[2]The court notes that while the motion is stamp "filed" February 15, 2008, the motion and notice of motion appear to have been signed on October 4, 2007. Further, Petitioner placed Cause No. 04-637-CR, on the motion, which is the cause number for one of his underlying convictions in November 2004. *See* Exs. A and B to Motion [17]. Accordingly, it is unclear which conviction Petitioner sought to attack by the motion.

[3]Respondents submit this motion was docketed in the trial court as Cause No. CI-08-0131, citing to Exhibit J. However, the only cause number that appears on Ex. J is Cause No. 06-578-CR12, apparently written by Petitioner.

[4]Respondents submit that the Forrest County Circuit Court typically treats such filings as motions for post-conviction collateral relief, and that the motion is currently pending in the trial court.

Court appealing the trial court's denial of his motion for permission to proceed out of time, which was docketed as Cause No. 2009-TS-00818. *See* Ex. F to Motion to Dismiss [17]. Petitioner subsequently filed a Petition for Writ of Mandamus, which the Mississippi Supreme Court denied on June 9, 2009, finding that he failed to make a showing that a motion for post-conviction relief had been filed in or was taken under advisement by the trial court.[5] On June 25, 2009, the Mississippi Supreme Court dismissed Petitioner's appeal for failure to pay costs. *See* Ex. G to Motion [17]. Thereafter, Petitioner filed a "Motion to Alter or Amend the Judgment," which the Mississippi Supreme Court denied on August 6, 2009. *See* Exs. H and I to Motion [17].

On or about September 18, 2009, Petitioner filed a Notice of Motion and Motion for Post-Conviction Collateral Relief, bearing Cause No. CI09-0168.[6] *See* Ex. K to Motion [17-2]. Based on the record before the court, the trial court has not ruled on this motion.[7]

---

[5]*See* http://www.mssc.state.ms.us/appellate_courts/generaldocket.html (last visited June 4, 2010.)

[6]Only the Notice of Motion, seeking permission to proceed out of time, is stamp "filed." Respondents submitted the Notice and the Motion for Post-Conviction Collateral Relief together as one exhibit. It is unclear as to whether the documents were filed together or separately in the trial court. *See* Ex. K to Motion [17-2].

[7]Respondents submit that this motion is currently pending in the trial court.

Petitioner also apparently filed another motion for post-conviction relief in the Circuit Court of Forrest County on May 5, 2010, and subsequently filed a petition for writ of mandamus requesting the Mississippi Supreme Court to rule on said motion. The Mississippi Supreme Court denied the petition for writ of mandamus, stating that Petitioner made no showing that a motion for post-conviction relief had been filed in or taken under advisement by the trial court. The court further held that the petition for writ of mandamus was premature since it was filed only twenty-one days after Petitioner allegedly filed the petition for post-conviction relief. *See* Order dated May 27, 2010, Cause No. 2010-M-00828 at http://www.mssc.state.ms.us/appellate_courts/generaldocket.html (last visited June 4, 2010).

Petitioner filed the instant federal habeas petition on February 19, 2010, raising the following grounds: 1) "Racial discrimination also prejust of the court under 42 U.S. 1983 Civil Right"; and 2) "Racial Discrimination Prejust of the court."  Petition [1]; Amended Petition [11]. The Respondents have moved to dismiss the instant petition based on Petitioner's failure to exhaust.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

Evans' Objections to the Magistrate Judge's Report and Recommendation do not address the finding that the Magistrate Judge made that the petitioner did not exhaust his state court remedies.  The exhaustion requirement, pursuant to 28 U.S.C. § 2254(b)(1) is clear and this Court is required to dismiss the petition for failure to exhaust unless the petitioner establishes

cause for the petition to be stayed and held in abeyance. The petitioner has made no showing of good cause for his failure to exhaust his state court remedies, and has also failed to demonstrate that his claims are potentially meritorious. Therefore, it is inappropriate under the three part test articulated in *Rhines v. Weber*, 544 U.S. 269, 278 (2005) to stay this petition.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection.  For the reasons set forth above, this Court concludes that Evans' objection lacks merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Ollie Lee Evans' claim is **dismissed without prejudice**. Additionally, Motion for Miscellaneous Relief [20] is denied.

**SO ORDERED this, the 27th  day of July, 2010.**

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE